UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAROL S. ELLIS WARREN,

        CASE NO. 1:15-CV-11367

*Plaintiff*,

        DISTRICT JUDGE THOMAS L. LUDINGTON

v.        MAGISTRATE JUDGE PATRICIA T. MORRIS

DEPARTMENT OF TREASURY,
DEPARARTMENT OF HOMELAND
SECURITY, AI c/o MO 64999-0025

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    Recommendation**

Seeking a tax refund, Plaintiff Carol S. Ellis Warren has brought suit against the Department of Treasury ("IRS") and other parties. (Doc. 1.) Her application to proceed *in forma pauperis* was granted on April 24, 2015 (Doc. 5), subjecting her claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). I recommend DISMISSING her complaint *sua sponte* because she has failed to show she met the jurisdictional prerequisites in 26 U.C.S. §§ 6511, 7422, thus depriving the Court of jurisdiction to entertain her cause of action, and also because she has failed to state a claim against Defendant Department of Homeland Security.

**II.    The Complaint**

Plaintiff's complaint alleges that the IRS has withheld her "tax return[s]" for 2013 and 2014 and failed to credit payments made most likely in 2004[1] for her taxes. (Doc. 1 at Pg ID 1.) The overpayments somehow related to a former employer who did not pay taxes, leading to a

---

[1] The handwritten complaint is difficult to decipher, with 2004 written almost as superscript following the word "year." (Doc. 1 at Pg ID 1.)

1

wage garnishment. (*Id.* at Pg ID 1-2.) She ends by reiterating the IRS's wrongful withholding of her "return." Here entire claim states:

> That the Internal Revenue withhold all my tax return for 2014, 2013 and payments made for tax year was not credited to a tax bill that was created by a former employer who knowingly did not pay federal taxes resulting in a wage garnish that was beginning to be returned to Mrs. Kate Nordlinger now deceased. This withholding of all of my return has left me destitute as part would enable me to at least trade until a job is opened. That IRS is showing no mercy and that this has cause me sleepless nights.

(*Id.* [sic throughout].) Despite referencing her "return," it is apparent that she means her refund. A return is a statement the taxpayer submits when required by regulations. 26 U.S.C. §§ 6011(a), 6012. Withholding a return, if possible, would not leave a taxpayer "destitute," as Plaintiff claims. She instead claims that the IRS owes her the money she overpaid, which would be a refund. For relief, she requests the following:

> I would like the IRS to correct this amount and beg the courts for justice in the matter. I believe that I am being enslaved if this continues as in a recent matter and practice.
>
> I seek a settlement for my stress and ailment resulting from this for the amount car fare: [$]21.96
>
> Amount for stress $602,504.769.80
>
> Request the courts to resigning of the District of Columbia Emancipation Act of 4/16/1862 that was signed by President Abraham Lincoln.

(Doc. 1 at Pg ID 2 [sic throughout].)

### III. Analysis

#### A. Governing Standard

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Later, Congress crafted a screening procedure that requires the court to review the complaints of all plaintiffs proceeding *sua sponte* and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In addition to the IFP statute, a court has an independent obligation to dismiss a case "[i]f the court determines at any time that it lacks subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(h)(3).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**B.     Analysis**

As an initial matter, it is unclear how the Department of Homeland Security fits into this case. Plaintiff has not alleged it took any action affecting her rights, and therefore I suggest she has not stated a claim against it. Regarding her assertions against the IRS and the other Defendant, the complaint fails to show that Plaintiff has met the necessary predicates giving this Court jurisdiction over the claim. District courts have jurisdiction over "[a]ny civil action or claim against the United States for the recovery of any internal-revenue tax revenue tax alleged to have been erroneously assessed or collected." 28 U.S.C. § 1346(a)(1). This waiver of sovereign immunity has been conditioned by the requirements of 26 U.S.C. § 7422(a). *See United States v. Dalm*, 494 U.S. 596, 601 (1990). Under that section,

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

28 U.S.C. § 7422(a).

The deadlines for filing the administrative claim are laid out in 28 U.S.C. § 6511(a), providing the taxpayer three years from the time he filed the tax return or two years from the time he paid the tax, whichever comes later. Once the claim is filed, the Treasury Secretary has six months to render a decision, and thus the taxpayer cannot bring suit until either a decision is issued or six months passes. *Id.* § 6532(a)(1). The Secretary has promulgated regulations establishing the general framework of those claims. 16 C.F.R. § 301.6402-2(b)(1). To pass muster under the regulation, the claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof," and must be accompanied by a written declaration made under penalty of perjury. *Id.*

These statutes and regulation combine to limit the "spacious terms" of § 1346(a)(1)'s jurisdictional grant. *Dalm*, 494 U.S. at 601. Indeed, § 7422(a) imposes strict requirements; as the Supreme Court observed, "Five 'any's' in one sentence and it begins to seem that Congress meant the statute to have expansive reach." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7 (2008). Because this "expansive reach" conditions the court's jurisdiction under § 1346(a), it forms a "jurisdictional prerequisite to bringing suit." *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996), *superseded by statute on other grounds as recognized in Healer v. Comm'r*, 115 T.C. 316, 320 (2000); *see also Hoogerheide v. I.R.S.*, 637 F.3d 634, 638 (6th Cir. 2011) (characterizing § 7422(a) as a "jurisdictional requirement"). As the Seventh Circuit explained, when the United States consents to be sued, any conditions placed on that consent "delimit the scope of the court's jurisdiction" and must be "'strictly observed.'" *Bartley v. United States*, 123 F.3d 466, 467-68 (7th Cir. 1997) (quoting *Block v. North Dakota*, 461 U.S. 273, 287 (1983)). In short, "[w]here a claimant did not file a refund claim in compliance with [16 C.F.R.] § 301.6402-2(b)(1), he has not satisfied 26 U.S.C. § 7422, and therefore a suit for that refund must be dismissed for lack of jurisdiction." *Merritt v. I.R.S.*, No. 12-14233, 2012 WL 6725884, at *5 (E.D. Mich. Dec. 27, 2012); *accord Dalm*, 494 U.S. at 602 ("[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court.").

Plaintiffs carry the burden of establishing jurisdiction, and thus dismissal is appropriate where the allegations and other evidence fails to demonstrate that the plaintiff filed a timely refund claim with the IRS. *See Juhasz v. Dep't of Treasury*, No. 98-CV-75624, 1999 WL 744102, at *1-2 (E.D. Mich. Aug. 12, 1999) (dismissing claim on government's motion where

plaintiffs did not allege or proffer other evidence of a timely administrative filing); *Culpepper-Smith v. United States*, No. CIV.A. 96-CV-5855, 1998 WL 544964, at *7 (E.D. Penn. Aug. 24, 1998) ("Plaintiff's failure to file a timely administrative claim with the IRS deprives the court of jurisdiction over any tax refund suit by her . . . ."); *Woodman v. United States*, No. 93-CV-75452, 1995 WL 322691, at *2 (E.D. Mich. 1995) (dismissing claim "because Plaintiff has failed to prove that she timely filed a claim with the Internal Revenue Service for a refund"); *Bell v. Gray*, 191 F. Supp. 328, 329 (E.D. Ky. Feb. 9, 1960), *aff'd* 287 F.2d 410, 410 (6th Cir. Dec. 19, 1960) (same). This holds true even during IFP screening under 28 U.S.C. § 1915(e). *See, e.g.*, *Johnson v. United States Army*, No. 3:08-CV-1810, 2008 WL 5205881, at *5 (N.D. Tex. Oct. 24, 2008) (Report & Recommendation) (recommending dismissal where the plaintiff's "factual allegations do not show that he has made any claim for refund or credit with the IRS").

One court, dismissing a *pro se* refund action, observed that "a number of cases suggest that if compliance with . . . [§] 7422 is not affirmatively alleged in the taxpayer's complaint, the court lacks jurisdiction and should dismiss the action for that reason." *Metas v. IRS*, No. 77-889, 1977 WL 1298, *2 (E.D. Penn. Nov. 25, 1977); *see also Sutherland v. Egger*, 605 F. Supp. 28, 30-31 (W.D. Penn. 1984) (finding that a complaint was jurisdictionally defective where it did not allege that all the plaintiffs had filed refund claims). Accordingly, the court dismissed the complaint. *Id.* The Sixth Circuit has affirmed without comment a district court's dismissal of a refund action on the basis that "[t]he complaint fails to allege that the claims for refund were filed within the statutory period." *Bell*, 191 F. Supp. at 329, *aff'd* 287 F.2d at 410. Moreover, *sua sponte* dismissals of frivolous complaints under 28 U.S.C. § 1915 and dismissals for lack of jurisdiction do not require the court to first allow amendment of the complaint to "correct the deficiencies." *Hardy v. Michigan*, 132 F.3d 33, 1997 WL 778160, at *1 (6th Cir. 1997)

(unpublished table decision) ("Ordinarily, a district court may not dismiss a complaint sua sponte unless the court first gives plaintiff an opportunity to amend or correct the deficiencies of the complaint or unless it dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915. . . . However, these requirements do not apply to a sua sponte dismissal for lack of jurisdiction." (citations omitted)).

I suggest that the complaint here fails to establish this Court's jurisdiction over the action and should be dismissed. Fed. R. Civ. P. 12(h)(3). It does not allege that Plaintiff filed the necessary refund claims with the Secretary. Regarding the 2014 tax refund claim, it seems nearly impossible that even a properly filed refund claim would have passed the six month period in which the Secretary can review it. 26 U.S.C. § 6532(a). Assuming she paid the taxes or filed a return at the very end of 2014, and also filed a claim at that time, six months have not yet passed. Thus, she has not demonstrated the jurisdictional basis for her action.

## IV.     Conclusion

I suggest that Plaintiff has failed to state a claim against the Department of Homeland Security and that her complaint should otherwise be *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction.

## V.     Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 6, 2015                                  S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge


### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: May 6, 2015                       By s/Kristen Krawczyk
                                        Case Manager to Magistrate Judge Morris

8